IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00388-KDB-SCR

| | |
|---|---|
| **VANUZIA DE MORAES,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **UNION COUNTY POLICE DEPARTMENT,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff Vanuzia de Moraes' Motion to Proceed In Forma Pauperis ("IFP") in this action, which has been recently transferred to this Court from the Middle District of North Carolina. (Doc. Nos. 1, 6-7). For the reasons discussed below, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS this action against the Union County Police Department, which lacks the legal capacity to be sued.

**I.     Defendant's Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that [s]he is unable to pay the costs of a lawsuit." *Id*. The IFP motion states that Plaintiff's expenses exceed her income, she is ill and she does not have assets to pursue this action. *See* Doc.

1

No. 1. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

**II.     Initial Review**

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In her Complaint, Plaintiff alleges numerous claims of wrongdoing by her ex-husband, his mistress and government officials,[1] but the only Defendant is the Union County Police Department ("UCPD"), which is not a recognized legal entity subject to suit. *See El v. Wilde*, No. 3:19-CV-00090-KDB-SCR, 2024 WL 3730648, at *2-3 (W.D.N.C. Aug. 8, 2024). In order to successfully allege a violation of 42 U.S.C. § 1983 (the federal statute used to claim a violation of constitutional rights), a plaintiff must show that a "person" acting under the color of state law violated her constitutional rights. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); *see also Smith v. Munday*, 848 F.3d 248,

---

[1] The Court expresses no view as to the merits of Plaintiffs' claims against individuals or entities other than the Defendant.

256–57 (4th Cir. 2017). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 81 S.E.2d 386, 397 (N.C. 1954).

Therefore, departments of municipalities are not susceptible to suit without statutory authorization. *See Martin v. Mecklenburg Cnty. Park & Recreation Dep't*, No. 3:06-CV-290, 2006 WL 3780418, at *2 (W.D.N.C. Dec. 20, 2006). So, "under North Carolina law, police departments cannot be sued as entities." *Smith*, 848 F.3d at 256–57 (citing *Ostwalt v. Charlotte–Mecklenburg Bd. of Educ.*, 614 F.Supp.2d 603, 607 (W.D.N.C. 2008)); see also *Moore v. City of Asheville*, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); *Wilson v. Fayetteville Police Dep't*, No. 5:13-CV-178-BO, 2014 WL 555663 (E.D.N.C. Feb. 11, 2014) ("dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued."). In summary, an action against UCPD cannot proceed because UCPD lacks the legal capacity to be sued.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 1) is **GRANTED** for purposes of this Order;

2. This action shall be **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 7, 2025

Kenneth D. Bell
United States District Judge